IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Sanchez, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIV 05-3008 PHX ROS (VAM) |
| ) | |
| Dora B. Schriro, et al., ) | <u>REPORT AND RECOMMENDATION</u> |
| ) | |
| <u>                   Respondents.</u> ) | |

TO THE HONORABLE ROSLYN O. SILVER, U.S. DISTRICT JUDGE.

Anthony Sanchez ("petitioner") filed a <u>pro se</u> Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises nine grounds for relief in the petition. (Doc. 1 at pp. 5-13 and Attachments).

**I. BACKGROUND**

The record establishing the state procedural history of petitioner's convictions and sentences filed by respondents is confusing and disorganized. To the best the Magistrate Judge is able to discern, it is as follows. Petitioner was convicted of one count of theft (a class 6 felony), four counts of aggravated assault (class 3 dangerous felonies), four counts of intimidating (class 1 misdemeanors), one count of attempted second-degree murder (a class 2 dangerous felony), and once count of attempted first-degree murder ( a class 2 dangerous felony) on August 2, 1993. (Doc. 12, Exhibit A, Vol. 1 at 120-29, Vol. 2 at 232). As

a result of these convictions petitioner received prison terms totaling 30 years.  (Id. at 232).

Petitioner appealed his convictions and sentences to the Arizona Court of Appeals.  The appeal in this case was consolidated with petitioner's conviction in another case. Petitioner raised the following claims for relief:

**ARGUMENT I.**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED A PRE-SCREENING FOR COMPETENCE UNDER RULE 11, ARIZONA RULES OF CRIMINAL PROCEDURE.

**ARGUMENT II.**

IT WAS ERROR TO PERMIT BOBBY V.'S TESTIMONY TO BE READ TO THE JURY WHEN THE STATE HAD NOT MADE A SHOWING THAT BOBBY V. WAS "UNAVAILABLE" FOR PURPOSES OF USING HIS PRIOR RECORDED TESTIMONY.

**ARGUMENT III.**

THE TRIAL COURT'S DEFINITION OF "REASONABLE DOUBT" SO INFECTED THE PROCEEDINGS WITH FUNDAMENTAL ERROR AS TO REQUIRE REVERSAL.

**ARGUMENT IV.**

[PETITIONER] SHOULD NOT HAVE BEEN SENTENCED TO CONSECUTIVE TERMS ON COUNTS II AND X, AND III AND XI. IF NOT PRESERVED, THE ERROR WAS FUNDAMENTAL.

(Doc. 12, Exhibit B at pp. i,7,9,11 and 14).

On January 9, 1996, the Arizona Court of Appeals issued a memorandum decision affirming all his convictions but vacating the consecutive sentences he received on Counts II, III, X and XI. (Doc. 12, Exhibit A, Vol. 2  at 232 (p. 12)).  The Arizona Supreme Court dismissed a petition for review without comment on September 17, 1996, and the Arizona Court of Appeals issued its order and mandate on October 11, 1996.  (Doc. 12, Exhibit A, Vol. 2 at 232).

2

After he was re-sentenced, petitioner appealed his new sentences but the appeal was dismissed at petitioner's request on April 4, 1997. (Doc. 12, Exhibit A, Vol. 2 at 260).

On November 4, 1996, petitioner filed a Notice of Post-Conviction Relief pursuant to Ariz.R.Crim.P. 32.1. Counsel was appointed, after investigation counsel moved to withdraw and petitioner was permitted time to file a pro se petition for Rule 32 relief. In his petition, petitioner raised numerous claims. (Doc. 12, Exhibit A, Vol. 2 at 282). The trial court denied the petition. (Id.). Petitioner sought review in the Arizona Court of Appeals, but the court denied review on March 22, 2000. (Doc. 12, Exhibit A, Vol. 3 at 316). The Arizona Supreme Court also denied review without comment on February 26, 2001. (Doc. 12 at Exhibit G).

On April 17, 2001, petitioner filed a second Notice of Post-Conviction Relief in the trial court. (Doc. 12, Exhibit A, Vol. 3 at 319). On April 23, 2001, the trial court dismissed the Notice as untimely. (Doc. 12 at Exhibit H). On May 4, 2001, petitioner filed his second Rule 32 petition contending that he had newly discovered evidence showing his innocence. (Doc. 12, Exhibit A, Vol. 3 at 324). The trial court construed the filing as a motion for reconsideration of the dismissal of the Notice and denied the petition on June 14, 2001. (Id. at Exhibit I).

On July 3, 2001, petitioner filed for review in the Arizona Court of Appeals. (Doc. 12 at Exhibit I). The Arizona Court of Appeals denied the petition on April 3, 2002. (Doc. 12, Exhibit A, Vol. 3 at 337). On July 17, 2002, the Arizona Supreme Court

also denied review.  (Doc. 12 at Exhibit M).

On March 12, 2003, petitioner filed a third Rule 32 petition in the trial court (petitioner failed to first file a Notice of Post-Conviction Relief).  (Doc. 12, Exhibit A at 343 and Exhibit N).  The trial court denied the petition on April 4, 2003, holding that state law precluded granting petitioner pre-sentence incarceration credit toward the second of two consecutive prison terms.  (Doc. 12 at Exhibit P).  Petitioner sought review in the Arizona Court of Appeals and, although no record of that decision is included in the record, relief must have been denied because petitioner ultimately appealed to the Arizona Supreme Court, which denied review on November 23, 2004.  (See Doc. 12, Exhibits P, Q and R).

On September 19, 2005, petitioner filed a federal habeas corpus petition raising the following grounds:

> **GROUND I**: Appeals counsel ... rendered on the direct appeals, "INEFFECTIVE ASSISTANCE OF COUNSEL."
>
> **GROUND II**: Trial counsel ... rendered during his trial representation "INEFFECTIVE ASSISTANCE OF COUNSEL."
>
> **GROUND III**: FIFTH AMENDMENT - FOURTEENTH AMENDMENT - The trial court abused its discretion in denying petitioner a Rule 11 pre-screening prior to trial.
>
> **GROUND IV**: SIXTH AMENDMENT, FIFTH AMENDMENT, FOURTEENTH AMENDMENT - Bobby V's and Francisco A, testimony were illegally read into trial proceedings.
>
> **GROUND V**: FIFTH AMENDMENT, FOURTEENTH AMENDMENT - The trial court definition of "REASONABLE DOUBT" read to the jury was error and requires reversal.
>
> **GROUND VI**: FIFTH AMENDMENT, FOURTEENTH AMENDMENT - Joel Marks testimony against the petitioner should be reviewed for perjury and reversed for new trial.
>
> **GROUND VII:** SIXTH AMENDMENT, FIFTH AMENDMENT, FOURTEENTH

1       AMENDMENT - Newly discovered was found some evidence
      after trial and appeals proceedings.

**GROUND VIII**: FOURTH AMENDMENT, FIFTH AMENDMENT, SIXTH AMENDMENT, EIGHTH AMENDMENT, FOURTEENTH AMENDMENT - Direct Appeals lawyer failed to raise key issues grounds (1-10).

**GROUND IX:** FOURTH AMENDMENT, SIXTH AMENDMENT, FIFTH AMENDMENT, FOURTEENTH AMENDMENT - Admission of evidence of prior bad acts at trial were irrelevant.

(Doc. 1 at pp. 5-13 and Attachments).

## II. DISCUSSION

Respondents first seek denial of the petition on the basis that all petitioner's claims are barred by the statute of limitations.  (Doc. 12 at pp. 10-16).

**A. Statute of Limitations**

<u>1. Law Generally</u>

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

```
           (C) the date on which the constitutional right asserted
               was initially recognized by the Supreme Court, if the
               right has been newly recognized by the Supreme Court and
               made retroactively applicable to cases on collateral
               review; or

           (D) the date on which the factual predicate of the claim
               or claims presented could have been discovered through
               the exercise of due diligence.
```

In Calderon v. United States District Court for the Northern District of California ("Beeler")(en banc), 128 F.3d 1283 (9th Cir. 1997), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1). The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar a prisoner from seeking relief." Beeler, 128 F.3d at 1286.

The Court noted, however, that the provisions of § 2244(d) "dramatically changed this landscape" and a petitioner was now "required to file his habeas petition within one year of the date his process of direct review came to an end." Id. The Court, following other circuits, also held that the period of limitations "did not begin to run against any state prisoner prior to the statute's date of enactment" of April 24, 1996. Beeler, 128 F.3d at 1287.

The Beeler Court also held § 2244(d) established a customary statute of limitations period "subject to equitable tolling." Id. at 1288-89. The statute itself provided for tolling the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

However, the Court cautioned that equitable tolling of the limitations period "will not be available in most cases but will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (3rd Cir. 1997)).

### 2. Application to Facts of the Case

The limitations period was tolled during the pendency of petitioner's direct appeal proceedings (including action before and following remand for re-sentencing) and during the pendency of petitioner's first Rule 32 proceeding (these proceedings overlapped).  See 28 U.S.C. § 2244(d)(2).  Of these two proceedings, petitioner's first Rule 32 was the last to end on February 26, 2001, when the Arizona Supreme Court denied the petition for review.  (Doc. 12 at Exhibit G).

Petitioner had nothing pending in state court until he filed a second Rule 32 petition in the trial court on April 17, 2001, a period of 49 days (February 27 through April 16, 2001).  See Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (no tolling in gap between separate post-conviction proceedings); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (no tolling between end of direct appeal and filing of first state collateral proceeding because no case was "pending" during the interval), cert. denied, 529 U.S. 1104 (2000).  The limitations period remained tolled until July 17, 2002, when the Arizona Supreme Court denied review of the second Rule 32.  (Doc. 12 at Exhibit M).

The statute of limitations re-started and ran from the

7

completion of proceedings in the second Rule 32 on July 17, 2002, until petitioner filed a third Rule 32 petition on March 12, 2003, a period of 237 days.  See Dils, 260 F.3d at 986; Nino, 183 F.3d at 1006.  The limitations period was tolled from March 12, 2003, through November 23, 2004, when the Arizona Supreme Court again denied the petition for review.  (See Doc. 12 at Exhibits A at 343, N, P, Q and R).  The limitations period the re-started and ran from that time until petitioner filed his federal habeas corpus petition on September 19, 2005, a period of 299 days. (Doc. 1 at p. 16A).

As a result, by the time petitioner filed his habeas petition, 585 days of untolled time elapsed.  Thus, the habeas petition is untimely by 220 days.  Unless petitioner has presented a sufficient basis for equitable or statutory tolling his claims will be time-barred.

In his reply, petitioner merely states that his petition is timely and that since a previous petition filed by him challenging a different state court conviction was deemed timely this also must be timely.  (Doc. 14 at p. 2).  This is insufficient to establish grounds for either statutory or equitable tolling. Because petitioner's claims were not filed within the 1-year limitations period they are time-barred.

Because the Magistrate Judge believes petitioner's claims are barred by the statute of limitations, it is not necessary to address the merits of petitioner's claims or any claims of procedural default raised by respondents.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of

Habeas Corpus be denied as untimely.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment. The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in and order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 12th day of January, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

9